JUDGE BERMAN

**10 CV 1711**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BURBERRY LIMITED, )
    a United Kingdom corporation )
 )
BURBERRY LIMITED, )
    a New York corporation )
 )
    Plaintiffs, )  Civil Action
 )   COMPLAINT
    v. )
 )
THE TJX COMPANIES, INC. )
 )
    Defendant. )
 )



RECEIVED MAR 03 2010 U.S.D.C. S.D.N.Y. CASHIERS

**COMPLAINT FOR TRADEMARK COUNTERFEITING,**
**TRADEMARK INFRINGEMENT, TRADEMARK DILUTION,**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiffs Burberry Limited, a United Kingdom corporation ("Burberry Limited (UK)") and Burberry Limited, a New York corporation ("Burberry Limited (USA)") (collectively "Burberry" or "Plaintiff"), through its counsel, Steptoe & Johnson LLP, complains and alleges against Defendant, The TJX Companies, Inc. ("TJX" or "Defendant") as follows:

### INTRODUCTION

1.     This action concerns Defendant's willful infringement and counterfeiting of Burberry's famous and federally-registered trademarks. Specifically, this is an action for trademark counterfeiting, trademark infringement, trademark dilution and for violations of the New York State common law and related causes of action brought pursuant to Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)

and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York. Through this action, Burberry seeks injunctive relief and damages arising from TJX's misappropriation of various Burberry trademarks. Defendant TJX imports, distributes, promotes and/or sells numerous items including, by way of examples, shirts, scarves, jackets, picture frames, trunks, cases, carry-on bags and luggage that bear counterfeits and infringements of various Burberry trademarks.

2. For approximately a century, Burberry has devoted substantial resources to promoting the goodwill of its principal trademarks, including its BURBERRY® word mark, its distinctive check design trademark (the "BURBERRY CHECK") and the Burberry equestrian knight on horseback (the "BURBERRY EQUESTRIAN KNIGHT") (collectively, the "Burberry Marks") for a wide variety of goods, including apparel and accessories. As a result, the Burberry Marks have become famous and serve to symbolize Burberry and its reputation as a manufacturer of high quality luxury brand products.

3. Attempting to capitalize on the goodwill, strength and fame of the Burberry Marks, TJX has trafficked in and sold a variety of counterfeit items, including by way of examples, shirts, scarves, jackets, picture frames, trunks, cases, carry-on bags and luggage that display counterfeit versions of one or more of the Burberry Marks or substantially similar reproductions thereof. TJX has done so with direct knowledge of the Burberry Marks and of Burberry's objection to the unauthorized use of the Burberry Marks.

4. TJX's misuse of the Burberry Marks on counterfeit and infringing merchandise has significantly injured Burberry's reputation and goodwill, and has diluted


the distinctiveness of the famous Burberry Marks. Unless enjoined, TJX's conduct will continue to injure both Burberry and the public.

## JURISDICTION AND VENUE

5.  This action is based on Section 32 of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. § 1125(a) and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York.

6.  This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) for the claims arising out of the violations of Sections 32 and 43(a) and (c) of the Lanham Act; has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the related claims arising out of the violation of Sections 349 and 360-l of the New York General Business Law and the common law of the State of New York; and has jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 for the claims under the common law of unfair competition.

7.  This Court has personal jurisdiction over TJX because it conducts business in this judicial district and many of the counterfeit and infringing products that are the subject of this action were offered for sale or sold in this judicial district.

8.  Upon information and belief, a substantial part of the events giving rise to the claims occurred in this district. Venue in this Court is proper under 28 U.S.C. § 1391.

## THE PARTIES

### A. Plaintiffs

9. Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London SW1P 2AW, United Kingdom.

10. Plaintiff Burberry Limited (USA), a sister company of Burberry Limited (UK), is a corporation duly organized under the laws of New York with a principal place of business at 444 Madison Avenue, New York, New York 10022.

### B. Defendant – The TJX Companies, Inc.

11. Upon information and belief, The TJX Companies, Inc. is a Delaware corporation having its corporate headquarters at 770 Cochituatre Road, Framingham, Massachusetts 01701. TJX operates numerous off-price retail stores in New York and throughout the United States, including TJ Maxx, Marshalls, and HomeGoods.

## BACKGROUND

### A. Burberry and the Famous Burberry Marks

12. Burberry is an internationally recognized luxury brand involved in the design, manufacture, advertising, distribution, and sale of high-quality apparel, handbags, scarves, luggage, and other accessories.

13. Burberry's corporate heritage is rooted in Hampshire, United Kingdom, where its predecessor in interest, Mr. Thomas Burberry, first opened an outfitters shop in 1856. Burberry and its predecessors have used the Burberry name since that time, and BURBERRY® has been a registered trademark on the Principal Register of the United States Patent and Trademark Office ("PTO") since August 6, 1929 (U.S. Reg. No. 259,571).

14. The BURBERRY CHECK trademark was introduced by Mr. Burberry's company in the 1920's and has been used on various products over the years, including for example, clothing, handbags, umbrellas, luggage, and other accessories. The BURBERRY CHECK trademark is not only registered in a distinctive red, camel, black and white check design, but also in other color combinations. The BURBERRY CHECK trademark has been continuously used in both the original colors and other color combinations for over three-quarters of a century. Exemplars of the BURBERRY CHECK trademark are attached as Exhibit A.

15. The BURBERRY EQUESTRIAN KNIGHT, introduced in 1901, has been used on numerous products since its introduction. The BURBERRY EQUESTRIAN KNIGHT is a prominent design mark featured throughout Burberry's business. An exemplar of the BURBERRY EQUESTRIAN KNIGHT is attached as Exhibit B.

16. Burberry is responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality clothes, footwear, scarves, luggage, watches, eyeglasses, sunglasses, jewelry, handbags, and many other products displaying the Burberry Marks.

17. Burberry merchandise is sold in 127 retail stores, 255 concessions, 47 outlets, and 96 franchise stores, with e-commerce in over 25 countries. In the United States, Burberry products are sold in 81 retail and outlet stores, online at www.burberry.com, and at well-known department stores such as Saks Fifth Avenue, Neiman Marcus and Nordstrom.

18. The Burberry Marks have been used by Plaintiffs on, and in connection with, the advertising and sale of Burberry's products, including, but not limited to,

apparel, such as scarves, shirts, and jackets, luggage, handbags, and other items, in interstate and intrastate commerce, including commerce in the State of New York, and in this judicial district. As a result of their widespread use, these trademarks have become a symbol of modern luxury and a symbol of Burberry. The Burberry Marks have acquired secondary meaning and have come to be known as source identifiers for authentic Burberry products.

19. Burberry has obtained numerous federal registrations for the BURBERRY® word mark, the BURBERRY CHECK and the BURBERRY EQUESTRIAN KNIGHT. A list of the numerous federal registrations Burberry maintains for the Burberry Marks is attached as Exhibit C. These registrations for the Burberry Marks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

20. In an effort to promote the Burberry Marks and to establish goodwill therein, Burberry has advertised and distributed products displaying its trademarks throughout the United States.

21. As a result of Burberry's advertising and promotional efforts and its continuous use of the Burberry Marks for many years, Burberry has attained one of the highest levels of recognition among luxury brands in the United States and the Burberry Marks have become famous.

**B.   TJX and Its Pattern of Selling Counterfeit and Infringing Burberry Merchandise**

22. TJX is an apparel and home fashions business that owns and operates numerous retail chains throughout New York and the United States, including TJ Maxx,

6

Marshalls, and HomeGoods. TJX maintains more than 150 retail locations in New York State and over 2,000 locations in the United States.

23. TJX promotes its retail stores as "off-price" retail outlets where consumers can buy authentic luxury good items at discount prices. TJX routinely advertises the sale of branded products at discount prices in an effort to attract business.

24. TJX targets consumers in the middle to upper income brackets who tend to shop at high-end department stores and specialty stores. In an effort to attract its target customer base, TJX features the slogan "Never, never, never pay full price again" in the promotion of its goods and services.

25. TJX has engaged in a pattern and practice of importing, distributing, offering for sale and/or selling a variety of products that feature exact copies of the Burberry Marks, or confusingly similar marks, without the consent or authorization of Burberry. TJX's unauthorized use of the Burberry Marks began long after Burberry established its rights in the Burberry Marks. TJX has continued this pattern and practice despite its knowledge of the Burberry Marks and being repeatedly advised by Burberry of numerous instances in which TJX has sold merchandise bearing counterfeits and infringements of the Burberry Marks. By its actions, and its knowing and conscious disregard for Burberry's rights to the famous Burberry Marks, TJX's activities are willful.

26. By way of example, in 2006, TJX sold picture frames bearing an exact copy of certain Burberry Marks at Marshalls retail stores. True and correct images of the counterfeit picture frames are attached hereto as Exhibit D. Burberry notified TJX that the sale of the counterfeit picture frames constituted the unauthorized use of certain Burberry Marks and that, in doing so, TJX had violated various federal and state laws, caused

irreparable harm to Burberry and was likely to cause consumer confusion. In response, TJX represented that it would remove the offending picture frames from its shelves.

27. Despite TJX's knowledge of the Burberry Marks and Burberry's objection to TJX's unauthorized use of the Burberry Marks, TJX's sale of products bearing counterfeit Burberry Marks continued. After being notified of Burberry's rights, and in conscious disregard thereof, in 2008 TJX offered for sale and sold numerous polo-style shirts bearing exact copies and counterfeits of the Burberry Marks through its Marshalls retail store. The counterfeit polo-style shirts prominently featured all three of the Burberry Marks – the BURBERRY® word mark, the BURBERRY CHECK and the BURBERRY EQUESTRIAN KNIGHT – either on the shirt itself or on the hang-tags.

28. The counterfeit polo-style shirts were promoted and sold as authentic Burberry products – which they were not. True and correct images of the counterfeit Burberry polo-style shirts as well as the hang tags are attached hereto as Exhibit E. Burberry again informed TJX that the sale of counterfeit polo-style shirts consisted of the unauthorized use of the Burberry Marks in a manner that was likely to cause – and did cause – consumer confusion to the detriment of Burberry. TJX represented that it would remove the counterfeit shirts from its shelves.

29. TJX continued its pattern of ordering, distributing, offering for sale and selling products bearing counterfeits of the Burberry Marks. For example, Burberry purchased trunks featuring exact copies and counterfeits of the BURBERRY CHECK trademark from Marshalls retail stores in 2009. True and correct images of the trunks sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit F.

8

30. TJX has sold and continues to sell jackets that feature exact copies and counterfeits of the BURBERRY CHECK trademark at TJ Maxx and Marshalls retail stores. A True and correct image of a jacket sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit G.

31. TJX has sold and continues to sell scarves that feature exact copies and counterfeits of the BURBERRY CHECK trademark at TJ Maxx retail stores in 2010. True and correct images of the scarves sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit H.

32. TJX has sold and continues to sell cases that feature exact copies and counterfeits of the BURBERRY CHECK trademark at HomeGoods retail stores in 2010. True and correct images of the cases sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit I.

33. TJX has sold and continues to sell carry-on bags that feature exact copies and counterfeits of the BURBERRY CHECK trademark at Marshalls retail stores in 2010. True and correct images of the carry-on bags sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit J.

34. TJX has sold and continues to sell luggage that features exact copies and counterfeits of the BURBERRY CHECK trademark at Marshalls retail stores in 2010. True and correct images of the luggage sold by TJX bearing counterfeits of the BURBERRY CHECK are attached hereto as Exhibit K.

35. TJX has continued to import, distribute, supply, promote and/or sell large quantities of counterfeit goods bearing one or more of the Burberry Marks in conscious disregard of Burberry's intellectual property rights and the counterfeit nature of the

products in an effort to attract their target customer base and profit at Burberry's expense. Through these acts, TJX has willfully counterfeited and infringed the Burberry Marks.

36. The acts of Defendant TJX complained of herein are likely to cause consumer confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing counterfeits and infringements of the Burberry Marks.

37. The acts of Defendant TJX complained of herein have and continue to irreparably harm Burberry and dilute the distinctive quality of the Burberry Marks. TJX's egregious conduct makes this an exceptional case.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting Under Section 32 of the Lanham Act)

38. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 37 above.

39. TJX has used spurious designations that are identical with, or substantially indistinguishable from the Burberry Marks on goods for which Burberry holds federal trademark registrations. TJX has used these spurious designations in connection with the advertising, sale, offering for sale and/or distribution of goods for its own personal financial gain.

40. Burberry has not authorized TJX to use the Burberry Marks to advertise, offer for sale, sell and/or distribute TJX's counterfeit products.

41. TJX's unauthorized use of the Burberry Marks on and in connection with the advertising and sale of counterfeit goods constitutes TJX's use of Burberry's registered trademarks in commerce.

42. TJX's acts as described in this Complaint constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under Section 32 of the Lanham Act)

44. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 43 above.

45. TJX's use of the Burberry Marks, without Burberry's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, TJX's unauthorized use is likely to cause consumer confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing counterfeits and infringements of the Burberry Marks.

46. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin, Trade Name Infringement, and False Description and Representation Under Section 43(a) of the Lanham Act)

47. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 46 above.

48.  Defendant TJX has and continues to use in commerce the Burberry Marks without Burberry's authorization.

49.  By making unauthorized use of the Burberry Marks in interstate commerce, TJX has used a false designation of origin that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant TJX with Burberry and as to the sponsorship or approval of TJX or its merchandise by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.  Defendant TJX has affixed, applied and used in commerce in connection with the sale of its merchandise, false designations of origin and false and misleading descriptions and representations, including the Burberry Marks, which tend to falsely describe the origin, sponsorship, association or approval by Burberry of the counterfeit and infringing goods sold by TJX.

51.  Defendant TJX's use of one or more of the Burberry Marks on counterfeit and infringing merchandise causes confusion and mistake, deceives and misleads the purchasing public, trades upon Burberry's reputation and goodwill and improperly appropriates to TJX Burberry's valuable trademark rights.  Defendant TJX's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe, and/or represent, in a false or misleading fashion, TJX's products as those of Burberry in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52.  TJX's acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FOURTH CLAIM FOR RELIEF

### (Dilution Under Section 43(c) of the Lanham Act)

53. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 52 above.

54. Burberry Limited (UK) is the exclusive owner of the Burberry Marks.

55. The Burberry Marks are famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and have been famous and distinctive since long before TJX began using confusingly similar marks.

56. Long after the Burberry Marks became famous, TJX, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Marks. TJX's use of the Burberry Marks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. TJX's unlawful use of the Burberry Marks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and TJX, thereby lessening the value of the Burberry Marks as unique identifiers of Burberry's products.

57. By the acts described above, TJX has intentionally and willfully diluted, and/or is likely to dilute, the distinctive quality of the famous Burberry Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

58. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Acts and Practices Under
### Section 349 of the New York General Business Law)

59. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 58 above.

60. Through its importation, advertisement, distribution, offer to sell and sale of counterfeit products bearing the Burberry Marks, TJX has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

61. TJX's deceptive acts or practices, as described herein, are materially misleading. Such acts or practices have deceived or have a tendency to deceive a material segment of the public to whom TJX has directed their marketing activities, and Burberry has been injured thereby.

62. By the acts described above, TJX has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of services in violation of Section 349 of the New York General Business Law.

63. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## SIXTH CLAIM FOR RELIEF

### (Dilution and Likelihood of Injury to Business Reputation
### Under Section 360-l of the New York General Business Law)

64. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 63 above.

65. Through prominent, long and continuous use in commerce, including commerce within New York, the Burberry Marks have become and continue to be famous and distinctive.

66. Long after the Burberry Marks became famous, TJX, without authorization from Burberry, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Burberry Marks. TJX's use of the Burberry Marks dilutes and/or is likely to dilute the distinctive quality of those marks and to lessen the capacity of such marks to identify and distinguish Burberry's goods. TJX's unlawful use of the Burberry Marks in connection with inferior, counterfeit goods is also likely to tarnish those trademarks and cause blurring in the minds of consumers between Burberry and TJX, thereby lessening the value of the Burberry Marks as unique identifiers of Burberry's products.

67. By the acts described above, TJX has diluted the distinctiveness of the Burberry Marks and caused a likelihood of harm to Burberry's business reputation in violation of Section 360–l of the New York General Business Law.

68. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

## **SEVENTH CLAIM FOR RELIEF**

**(Trademark Infringement Under Common Law)**

69. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 68 above.

70. By the acts described above, TJX has engaged in trademark infringement in violation of the common law of the State of New York.

71. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Plaintiff has no adequate remedy at law and is thus damaged in an amount not yet determined.

## EIGHTH CLAIM FOR RELIEF

### (Unfair Competition Under Common Law)

72. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 71 above.

73. By the acts described above, TJX has engaged in unfair competition in violation of the common law of the State of New York.

74. TJX's acts have caused, and will continue to cause, irreparable injury to Burberry. Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

**WHEREFORE**, Burberry prays:

A. For judgment that:

    (i) TJX has engaged in trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    (ii) TJX has engaged in trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114;

    (iii) TJX has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iv) TJX has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

  (v) TJX has engaged in deceptive acts and practices in violation of Section 349 of the New York General Business Law;

  (vi) TJX has diluted the distinctiveness of the Burberry Marks and caused injury to Burberry's business reputation in violation of Section 360-l of the New York General Business Law;

  (vii) TJX has engaged in trademark infringement in violation of the common law of New York; and

  (viii) TJX has engaged in unfair competition in violation of the common law of the State of New York.

 B. For entry of an order permanently enjoining and restraining TJX and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

  (i) Using any reproduction, counterfeit, copy or colorable imitation of the Burberry Marks for and in connection with any goods or their packaging not authorized by Burberry;

  (ii) Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the Burberry Marks;

  (iii) Using any false description or representation including words or other symbols tending falsely to describe or represent TJX's unauthorized goods or their packaging as being those of Burberry or sponsored by or associated with Burberry and from offering such goods into commerce;

  (iv) Further infringing the Burberry Marks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products or their packaging not authorized by Burberry that bear any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Marks;

  (v) Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Burberry Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products or their packaging in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Burberry, or to any goods sold, manufactured, sponsored or approved by, or connected with Burberry;

17

    (vi)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which may or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by TJX is in any manner associated or connected with Burberry, or are sold, manufactured, licensed, sponsored, approved or authorized by Burberry;

    (vii)    Constituting an infringement of any of the Burberry Marks or of Burberry's rights in, or to use or to exploit, said trademarks, or constituting any dilution of the Burberry Marks;

    (viii)    Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe or dilute the Burberry Marks; and

    (ix)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (viii).

C.    For an order directing that TJX deliver up for destruction to Burberry all unauthorized products, advertisements and packaging in their possession or under their control bearing any of the Burberry Marks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D.    For such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products or associated packaging manufactured, sold or otherwise circulated or promoted by TJX are authorized by Burberry or related in any way to Burberry's products.

E.    For an assessment of the damages suffered by Burberry, trebled, and an award of all profits that TJX has derived from using the Burberry Marks, trebled, as well

as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; alternatively, that Burberry be awarded statutory damages pursuant to 15 U.S.C. § 1117 of up to $2,000,000 per trademark counterfeited and infringed, per type of good, as well as attorneys' fees and costs; and awarding profits, damages and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

F.   For an order requiring TJX to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.   For costs of suit, and for such other and further relief as the Court shall deem appropriate.

STEPTOE & JOHNSON LLP

By: /s/ Michael J. Allan
Michael J. Allan
William G. Pecau
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000

Evan Glassman
750 Seventh Avenue
New York, New York 10019
(212) 506-3909

Dated: March 3, 2010